[No. 7467.]

### RICHARDS v. KERR.

1 TAX TITLES—*Failure of Land Owner to Make Return—Effect Upon Errors in Assessment and Sale*—Land owner who fails to make return of his land for taxation, as the statute requires, will not be permitted to avail himself of an error in the assessment, and in the subsequent sale of the land, which, but for his default, would not have occurred, e. g., as where, no return of the land being made, the assessor assesses it—a quarter section—not as that of an unknown owner, but in the name of a former owner, and as a single tract, and the whole tract is then sold in one body, instead of in forty-acre tracts as the statute requires.

2. STATUTES—*Construed*—Semble that sec. 10 of the Revenue Law of 1891 (Laws 1891, 294) as amended by the act of 1893 (Laws 1893, 412) amended Mills Stat. sec. 3790.

*Error to Rio Grande District Court.*—Hon. CHARLES C. HOLBROOK, Judge.

Mr. ROBERT GIVEN and Mr. EZRA KEELER, for plaintiff in error.

Mr. JESSE STEPHENSON, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

This action was brought to quiet the plaintiff's title to the southwest quarter of section 30, in township 37 north, range 8 east, in Rio Grande county. The defendant plead and deraigned' his title through a treasurer's deed for the non-payment of taxes. The judgment was in his favor.

The material facts are undisputed. The land, one hundred and sixty acres, was assessed in one tract by the county assessor as the property of Catherine Van Buren, and her name was thus retained on the tax roll and on the notice of tax sale, and the property was thus sold. She had formerly owned the land, but did not at the time of the assessment or sale. The plaintiff objects to the sufficiency of the deed for the following reasons: (a) Because the property was not assessed in tracts of one-sixteenth of a section or less, and it is alleged that it was not returned by the owners for assessment. (b) Because the property was not advertised for sale nor sold in tracts comprising not more than one-sixteenth of a section.

At the time of this assessment, which was for the year 1893, it was the duty of every person owning or having charge of property, to furnish to the assessor a correct list of the same.—See sections 3790-3794, Vol. 2, Mills' Ann. Stats.; also, section 10 at p. 294 and section 22 at p. 299, Session Laws, 1891.

In the event that any person failed to return his property for assessment it was the duty of the assessor at that time to make and file such a list for such person, putting therein all taxable property which he had reason to believe was owned by said person liable to taxation.—Section 3795, Vol. 2,

Mills' Ann. Stats.; section 22 at p. 299, Session Laws, 1891.

Section 3812, Mills' Ann. Stats., in force at that time, provided that if the name of the owner of real estate is unknown by reason of the failure of the owner to list the same, and the assessor finds it impracticable to obtain the same, it shall be proper and lawful to assess it without connecting therewith any name, but inscribing at the head of the page the words "Unknown owner," and when so listed no one description shall comprise more than one-sixteenth part of a section or other smaller sub-division, etc. Section 3822, Mills' Ann. Stats. then in force reads,

"Each tract of land, and each town or city lot, shall be valued and assessed separately, except when one or more adjoining tracts or lots are returned by the same person, in which case they may be valued and assessed jointly."

It will be noted that the term "tract" is used without stating the size of the tract. In this instance the land assessed and sold was all one tract. It was one (presumably square) quarter section according to the government survey.

Section 3856, Mills' Ann. Stats., which was then in force, reads:

"If on the assessment roll or on the tax list there be any error in the name of a person taxed, the name may be changed and the tax collected from the person intended, if he be taxable and can be identified by the treasurer or assessor.

Section 10 of an act to provide for the better assessment and collection of revenue, etc., approved April 13th, 1891, to be found at page 294, Session Laws of that year, reads as follows:

"Sec. 10. It shall be the duty of every person owning or having charge of property in this state subject to taxation, to make and deliver to the assessor, on or before the twentieth day of March in each year, a correct list of the same, as required by law, whether he shall receive from the assessor a notice to do so or not, and every assessment made against property subject to taxation shall be valid in all respects

whether such notice was received or not. And no failure of the owner to have such property assessed, or to have the errors in the assessment corrected, and no irregularity or error or omissions in the assessment of any property, or in the levying of any tax, shall affect in any manner the legality of any taxes levied thereon, nor affect any right or title to such real property which would have accrued to any party claiming or holding the same under or by virtue of a deed executed by the treasurer, as provided for by law, had the assessment of such property been in all respects regular."

This section (which was amended by section 2 to be found at page 412, Session Laws of 1893), was in force at the time of this assessment; it, by implication, probably, amended general section 3790, *supra*.

Section 22 of the same act as section 10 above quoted to be found at page 299 of the Session Laws of 1891, reads:

"Sec. 22. If any person, who is known to the assessor to be liable to give in a list and pay taxes agreeably to the provisions of this act, shall neglect or refuse to give in his list made and sworn to as hereinbefore prescribed, on or before the twentieth day of March in each year, the assessor shall fill out a list for such person putting therein all taxable property which he has reason to believe is owned by said person liable to taxation at its present full cash value."

Section 4 of an act entitled "An act concerning penalties and interest on delinquent taxes and providing for the manner of advertising and collecting the same, and repealing all acts in conflict therewith," approved, March 3, 1894, to be found at page 46 of the Session Laws (special session), 1894, and which was in force prior to the sale of this property, reads:

"Sec. 4. When any lands or town lots are offered for sale for any taxes in counties of the second, third, fourth and fifth classes, it shall not be necessary to sell the same as the property of any person or persons, but the notice of such sale shall in all cases give the name of the person or persons against whom such lots or lands are assessed where the name

or names are given on the tax roll. No sale of any lands or town lots for taxes shall be considered invalid on account of its having been charged on the roll in any other name than that of the rightful owner or charged as unknown, but such land must be in other respects sufficiently described on the tax roll to identify it, and the taxes for which it is sold be due and unpaid at the time of such sale."

The record discloses, that the schedules or lists of properties returned by the owners for this year in Rio Grande county could not be found. There was no evidence as to who or whether anyone returned this land for assessment for this year, other than its being assessed in the name of Catherine Van Buren, which would imply that she had returned it, or that the assessor, acting under the authority of sections 3795 and 22, *supra*, made and filed the list for her under the assumption that she still owned it. It now develops that she did not own it at the time the assessment or sale was made, although if the assessor assessed it as her's it would not be presumed that the change of ownership was then known to him, inasmuch as every officer is presumed to do his duty.

It is conceded in the briefs that the then owners failed to give in the property for assessment; had they done so it would have been assessed in the correct name, but upon account of this failure and a return being made by another or upon account of this failure, and no return being made at all, and the assessor concluding from what he knew that the land was still owned by Catherine Van Buren he assessed it to her. This assessment was not being made under the provisions of section 3812, *supra*, and the land was not listed under the "Unknown owners" list which calls for separate tracts of forty acres or less, but on the contrary an effort was made by the assessor (either upon the return of some one, or the failure of anyone to return it and his presumed knowledge of its ownership) to assess it in the manner provided by sections 3795 and 22, *supra*. It would seem that the other sections above quoted were enacted for the purpose of covering such cases. In the

face of their provisions it is not for the owner of land to neglect to perform a statutory duty in returning his property for assessment, and then expect to avail himself of his own wrong and claim that the land was sold in the wrong name, or was not sold in the manner provided for the sale of property of unknown owners, when the mistake of ownership would have been avoided by the owner performing his duty.

The judgment is affirmed.                          *Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GABBERT concur.